IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BETTY MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 10-CV-117-MJR-PMF |
| | ) | |
| MERCK & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**REAGAN, District Judge:**

Plaintiff Miller's February 11, 2011, complaint (Doc. 4) alleges that she suffered damages from using Defendant Merck & Company's drug Fosamax. Now before the Court is Defendant's March 28, 2011, Motion to Stay All Proceedings (Doc. 33). Stated simply, Defendant asks this Court to stay any further proceedings in the Southern District of Illinois pending a ruling by the MDL Panel on whether to establish a multi-district proceeding consolidating this case and other similar actions from around the country for pretrial proceedings.

Although cognizant that Defendant has moved the MDL Panel for the creation of an MDL proceeding, the Court **DENIES at this time** the motion to stay all proceedings (Doc. 33). The undersigned Judge generally does not stay pretrial proceedings pending MDL transfer. Federal Rule of Procedure of the [Judicial Panel on Multi-District Litigation 1.5](Judicial Panel on Multi-District Litigation 1.5) provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Similarly, the Manual for Complex Litigation, Federal Judicial Center, § 20.131 and § 22.35 (4th ed.2004), states that during the pendency of a motion for MDL transfer, the court in

1

which the action was filed retains jurisdiction over the case and need not suspend proceedings.

The undersigned Judge will closely monitor any further orders from the MDL Panel, including any conditional or final transfer order which may issue herein. In the meantime, the undersigned Judge has already tracked the case **("TRACK D")** and set trial for April 16, 2012. Track D is designed to accommodate complex cases. Insofar as the Scheduling Order sets various discovery deadlines, the parties are reminded that, they may modify the deadlines set in the schedule by written stipulation, except that they may *not* modify a date if such modification would impact the deadline for filing dispositive motions, or the date of any court appearance. **Fed.R.Civ.P. 29.**

       **IT IS SO ORDERED.**

       **DATED: March 30, 2011**

       s/ *Michael J. Reagan*
       **MICHAEL J. REAGAN**
       **UNITED STATES DISTRICT JUDGE**