IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BETTY MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No.: **3:10-cv-00117-MJR-PMF** |
| | ) | |
| **MERCK & CO., INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

**FRAZIER, Magistrate Judge:**

Before the Court is the parties' Joint Motion for Order to Enter Stipulated Confidentiality Order (Doc. 30). For the following reasons, the joint motion for protective order (Doc. 30) is **DENIED**.

**BACKGROUND**

This action was filed on February 10, 2010 (Doc. 1). The central products liability allegations of this case revolve around a drug manufactured by the Defendant called Fosamax (Doc. 3). The Plaintiff alleges that Fosamax caused bone loss and brittleness in her femurs (Doc. 3 at 2). On March 8, 2011, the parties filed the instant motion (Doc. 30) and sent a proposed order on two occasions by email to chambers. On March 28, 2011, the Court conducted a motion hearing on the joint motion for protective order (Doc. 30) in which it reserved ruling on the motion and further advised the parties on formulating a protective order acceptable to the Court (Doc. 32). The Court did not receive a new proposed order after the March 28, 2011 hearing.

**DISCUSSION**

The parties agree the discovery in this case will necessarily involve a number of confidential and proprietary trade secret documents (Doc. 30 at 1). However, instead of

identifying the documents that would constitute a trade secret or even providing descriptive information regarding those documents, the parties seek to have the Court enter an order that would grant them discretion to designate documents as confidential. Any document marked as confidential would then be subject to a confidentiality review by the Court if a party seeks to disclose the document to a party not specifically authorized in the protective order. In making its determination, the Court would be bound to the definition of "confidential information" contained in the proposed protective order.

"The federal common law right of access to judicial records and documents is well recognized." *Smith v. U.S. Dist. Court for Southern Dist. of Illinois*, 956 F.2d 647, 649-50 (7th Cir. 1992) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "This right of access applies to civil as well as criminal cases; it can also apply to pretrial proceedings." *Id*. at 650 (citing *In re Continental Illinois Securities Litigation*, 732 F.2d 1302, 1308-09 (7th Cir. 1984)). "There is a strong presumption in favor of public access, but that can be counter-balanced by other considerations." *Id*. (citing *United States v. Edwards*, 672 F.2d 1289, 1294 (7th Cir. 1982)). Federal Rule of Civil Procedure 26 provides that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. FED. R. CIV. P. 26(c)(1)(G).

While the Court does not disagree that there may be legitimate trade secrets subject to discovery in this case, the parties have not specifically identified anything tangible that may be considered a trade secret. Therefore, good cause for a protective order has not been demonstrated. It is apparent to the Court that the parties seek to alter the procedures by which discovery is typically conducted. By giving the parties discretion to the parties to mark

documents as confidential, the Court would set itself up to resolve disputes that arise whenever a party disagrees with the other party as to whether a document meets the definition of confidential provided in the protective order.   In essence, the Court is being invited to resolve any discovery disputes pursuant to the rules of a proposed protective order rather than the Federal Rules of Civil Procedure.   The Court rejects this invitation.   Of course, if the parties can identify specific documents that would constitute a trade secret worthy of protection from public access, the Court will consider any such future motion on its merits.

For the forgoing reasons, the parties' Joint Motion for Order to Enter Stipulated Confidentiality Order (Doc. 30) is **DENIED**.

**SO ORDERED.**

**DATED:**   _April 12, 2011_ .

    _/s/ Philip M. Frazier_
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**